UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES BURKE | : | |
| | : | |
| VS. | : | CASE NO. 3:04CV771 (PCD) |
| | : | |
| FRANK MORMINO | : | |

MEMORANDUM OF DECISION

Plaintiff describes himself as the principal of a Limited Liability Company which owns a rooming house in East Hartford, Connecticut. Defendant is a Sergeant in the East Hartford Police Department. Plaintiff's action asserts defendant arrested plaintiff unlawfully in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Sections 7 and 9 of the Connecticut Constitution. Other claims previously asserted have been resolved. Jurisdiction is properly premised on 42 U.S.C. §§ 1983 and 1988. The action was fully tried to the court, without a jury and the parties have submitted post trial briefs.

**FACTS:**

The following facts are found to have been proven. Plaintiff's claim is based on a July 30, 2001 incident when he was arrested without a warrant by defendant. He was charged under Connecticut's criminal lockout statute, C.G.S. § 53a-214 and with larceny, 6th, C.G.S. § 53a-125b.

The premises at 18 Brewer Street are duly licensed as a rooming house, Ex. 2, 3. Occupants included one Bridges who executed several documents establishing his occupancy and constituting, plaintiff claims, a special agreement under Connecticut law.  Ex. 10.  Operators of short term occupancy residential premises are vulnerable in that to terminate the occupancy of a non-payer of rent, a complex procedure has been established under Connecticut law which can be protracted and expensive.  Thus Mr. Burke attempted to cloak his operation of 18 Brewer Street with the status of a place for transients who, on non-payment of rent, could promptly be evicted and their property liened to effect payment of rent either by force of dispossession or, after a period of time, by sale of the property.  Thus Mr. Burke created and caused his premises' occupants to execute, in relation to their occupancy, a special agreement acknowledging and agreeing to the landlord's ("keeper's") rights based on their transient status.  The agreement permitted the keeper to "detain guests' baggage and effects until [unpaid] sums are paid."  Ex. 10

Mr. Burke arranged with one Joseph Raimondo to operate 18 Brewer Street as a rooming house.  He gave Raimondo explicit instructions as to its operation which he expected would be strictly followed as Mr. Burke largely absented himself from the site.  In all respects, Mr. Raimondo was the agent of Mr. Burke and the corporation, subject to Burke's full direction and control.

Mr. Burke sought and asserted his full entitlement to act in cases of rent non-payment from the instant after it was due and unpaid, relying on the exemption of transient facilities in C.G.S. § 47a-2(a)(4).  He was in conflict with the East Hartford Police Department on a number

2

of occasions over his actions in such instances at premises he conducted as asserted rooming houses for transients.  In cases of transients, whom he contended remained such pursuant to his "Special Agreement" at least for 90 days, he purported to rely on several documents originated by the Chief of Police, East Hartford's Assistant Corporation Counsel, and Connecticut's Chief States Attorney's Office.  Exs. 6 and 7 with attachments.

On July 30, 2001, Mr. Bridges was the occupant of a room at 18 Brewer Street.  It was not equipped with kitchen facilities and a bathroom outside the room was shared with other room occupants.  Contrary to his agreement, Mr. Bridges permitted one Jamie Lofgren to occupy the room with him, almost from the start of his occupancy.  Ms. Lofgren executed no document establishing her presence on the premises, nor any obligation on her part in relation thereto, nor any acknowledgment or acquiescence in any right of the property owner (keeper) with respect to her occupancy or her property, nor any limitation on her rights to and in her property.  Mr. Raimondo knew of her presence on the premises long before July 30, 2001.  As he largely absented himself from the premises, Mr. Burke did not personally know of Ms. Lofgren's occupancy in Mr. Bridges' room but as his agent, Mr. Raimondo's knowledge is fully imputed to Mr. Burke.

On July 30, 2001, Mr. Bridges' occupancy had existed for at least 64 days.  He was then in arrears of his rent payment by a few days.  Mr. Raimondo, in Mr. Bridges' absence, availed himself of the opportunity to change the lock to the room either to collect the rent or evict Mr. Bridges.  Mr. Bridges reacted by breaking the lock.  That prompted a call to the East Hartford

Police Department and the appearance of an officer who arrested Mr. Bridges who was then removed from the scene.  Ms. Lofgren was however present.  Sgt. Mormino arrived and decided that the lockout was not lawful based on his understanding of the facts, i.e. the duration of the occupancy, the receipt of mail, and their property being in the room, that he understood was sufficient to establish a tenancy as opposed to a transiency.  He therefore instructed Mr. Raimondo to let Ms. Lofgren into the room.  Mr. Raimondo complied by changing the lock and Sgt. Mormino left the scene.  An officer, Estes, was left at the scene while the lock was being changed and shortly recalled Sgt. Mormino to the scene due to a disturbance by Mr. Burke who had arrived at the scene.  The sergeant was advised by Ms. Lofgren that Mr. Burke came into her room and advised he was taking her property.  She stated her disagreement and was shoved aside by Mr. Burke who began to remove her personal items, i.e. a safe, a TV, hot plate and a microwave from the room.  The items were taken to the owner's office which was then locked.  She was told to get out of the building and a new lock was placed on the room door.  This information was essentially confirmed by Officer Estes.

     Sgt. Mormino followed up his conversation with Ms. Lofgren and Officer Estes by instructing Mr. Burke to readmit Ms. Lofgren into her room and to return her property.  He was concerned that unless it was then returned to her, she might not get it back.  Burke refused and asked Mormino what he was going to do.  The sergeant then arrested Burke.  Raimondo was instructed to open the office door so Ms. Lofgren could retrieve her property.  He complied,

reluctantly, but claimed not to have the key to the lock on the room door which Burke had placed, and entry thereto was forced.

Raimondo had encountered Lofgren on the premises a number of times before July 30, 2001. He sought to get her to sign a special agreement which she did not do. Lofgren informed Mormino of her property being in the room. She asserted her claim to her property to Burke before it was removed. Plaintiff's concession that he might have been so informed is found to reflect his actual knowledge of that claim. His suggestion of ignorance of her having property in the room is not credited. He informed her that she could get her property back on paying what he was owed.

Burke's actions with respect to the room and the property therein was based on his confidence that he was entitled to remove any occupants of the room by locking them out and to having a lien on any property therein to enforce payment of all rent unpaid. In effect, he acted on the law according to Burke. His claim that Raimondo did the lockout and the property detention is not credited and is without legal merit. Raimondo acted at Burke's instruction, both generally and at the scene on July 30, 2001, when the lockout and property removal was done in disregard of Mormino's instructions, with which Raimondo initially agreed.

**DISCUSSION:**

Plaintiff raises a number of issues which he relies on being resolved in his favor, most of which are without merit since the issue presented is whether Sgt. Mormino had probable cause to arrest plaintiff for violations of the lockout statute and for larceny. Burke's apparent absolute

conviction that he was entitled to act as he did in this instance because he was dealing with a transient is misplaced, legally and factually.  Burke is not a stranger to the courts in matters involving occupants of his premises.  He has been in court as a defendant charged with unlawful lockout of roomers.  His earlier suit against East Hartford Police Department personnel was premised on his claim of insulation from eviction procedures provided by law as his roomers were transients.  It resulted in a verdict against him and a judge's ruling that he was not entitled to judgment as a matter of law.  A Superior Court Judge appears to have ruled that his "special agreement" was utilized to avoid the housing eviction law and thus was unenforceable.  The fact that a corporation counsel suggested a 90-day stay would transform a transient to a tenant has no force in law or fact.  Former Chief Shay's suggestion of a policy that lockout arrests be based on warrants, a suggestion which was not promulgated in writing and was not shown to be published uniformly throughout the police officers nor uniformly followed does not change the law of probable cause.  Transient status has been held by Connecticut Courts to be a question of fact depending on a range of circumstances, including receipt of mail, cooking food and duration of stay (with as short a time as two months held not to constitute transiency).  See Ex. L.  Burke's belief in the lawful propriety of his treating Bridges and Lofgren as transients might be relevant as a defense to criminal charges.  That belief would not be controlling on the issue of probable cause presented here as the evidence did not clearly and unequivocally demonstrate that Sgt. Mormino knew that Burke's view of the law was correct.  The law in the field of landlord/tenant rights and obligations was sufficiently murky as to bar Mormino being held to other than a

6

reasonable belief that a tenancy, with its rights under the Summary Process law, was involved in this case.  He is noted by plaintiff as having been a witness in plaintiff's prior suit against East Hartford Police personnel and thus would have known of the rejection in that case, both by the jury and the judge, of plaintiff's claim that he was dealing with transients.

Even if plaintiff's claim of transiency were valid as to Mr. Bridges, it would have no legal or factual merit with respect to Ms. Lofgren.  Her status in the room cannot be classified as a transient under the statute on which plaintiff relies.  Though her presence in the room, and that of her property, was not expressly sanctioned by Mr. Burke or Mr. Raimondo, and was contrary to Mr. Bridges' rental of the room, it was at least tacitly accepted by Mr. Raimondo for over two months.  She had not executed a "special agreement" in any form as was required if she was to be regarded, and treated, as a transient.  Thus plaintiff could not lawfully lock her out nor could he lawfully deprive her of her property on the basis he claimed, that he was entitled to act on the basis she was a transient.  She was at least a tolerated trespasser, though Raimondo had not treated her as such by seeking any remedy against her as such.

Plaintiff's claim that deprivation of the property in question and the lockout were the doing of Raimondo, and not him,  is not credited.  Indeed Raimondo's acquiescence in the directions of Sgt. Mormino was contrary to Burke's disregard of those directions.  Even if Raimondo acted to effect the lockout and the property deprivation, he did so at least as Burke's agent but also at Burke's explicit instruction.  Further, the claim that all he was doing was placing a lien on the removed property does not excuse him as that assertion would deprive Ms.

7

Lofgren at least of her property during the detention, if not permanently, if it was sold as the lien statute relied on by Burke permitted after sixty days to satisfy unpaid rent.  See Conn. Gen. Stat. §53a-118, 119.  He took her property into his possession, unlawfully, and denied her access to it.

     A dispositive issue is whether Sgt. Mormino had probable cause to make the arrest he did.  The two misdemeanors charged were committed in Sgt. Mormino's presence.  As plaintiff asserts, probable cause would exist if the events leading to the arrest would cause a police officer acting objectively reasonably to believe that the arrested had committed the offense with which he was charged and on the basis of which he was arrested.  Maryland v. Pringle, 540 US 366, 370 (2003); Beck v. Ohio, 379 U.S. 89, 91 (1964); Raffone v. Adams, 468 F.2d 860, 865 (2d Cir. 1972); Warren v. Dwyer, 906 F.2d 70, 73 (2d Cir. 1990).  See Conn. Gen. Stat. §54-1f (requiring, for a warrantless arrest for a misdemeanor, probable cause from speedy information of others or observation by the officer).  Thus for the claims of plaintiff to succeed, he must prove the absence of probable cause.  That is true as to his claims under the United States Constitution and the Connecticut Constitution and law.  See State v. Trine, 236 Conn. 236 (1996).

     What Sgt. Mormino knew when he made the arrest of plaintiff was that Bridges and Lofgren had occupied the room for over 60 days, they got mail there, they had some cooking capacity there, that Bridges only had executed an agreement as a roomer and Lofgren had not, that Burke had installed and/or refused to remove a lock on the room door, that Burke had removed personal property from the room and locked it in the office with the stated intention of denying access to it particularly by Lofgren who claimed, without contradiction, that it was hers,

that Burke's claim of acting lawfully against Bridges as a transient was contrary to the law as he understood it, and that Burke had no valid claim that Lofgren was a transient particularly in the absence of an executed special agreement.  Bridges executed a document that purported to extend the right of the keeper to detain the tenant's baggage and effects, a provision which did not reach Lofgren's property as she was not a guest, according to Burke himself.  See Ex. 10.  While she may not have been a tenant, she was not a transient as defined by the law.  The knowledge constituted probable cause for the lockout and larceny charges both as they related to Lofgren and Bridges.

While the facts found were sufficient to constitute a valid basis for finding that probable cause existed, on which Sgt. Mormino could lawfully arrest plaintiff on the two charges, the information proven would also suffice to constitute a basis for qualified immunity as information on the basis of which an officer, acting reasonably, could have believed that probable cause existed for the two charges or at least one of them.  See Malley v. Briggs, 475 U.S. 335, 342 (1986); Saucier v. Katz, 533 U.S. 194, 205 (2001); Carrier v. Lussier, 955 F.2d 841, 845 (2d Cir. 1992).  In short, plaintiff has not proven the threshold question, that defendant violated a constitutional right, Loria v. Gorman, 306 F.2d 1271, 1281 (2d Cir. 1281), citing and quoting Saucier v. Katz, supra, but if he had, defendant would be entitled to the insulation from liability by the principle of qualified immunity as his belief in the existence of probable cause was objectively reasonable.  Caldarola v. Calabrese, 298 F.3d 156, 162 (2d Cir. 2002); Lee v.

Sandberg, 136 F.2d 94, 102 (2d Cir. 1997); Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991).

      While the foregoing analysis and resolution of plaintiff's claims moots the issue of whether plaintiff has proven a favorable disposition of the charges against him, the reasoning of two judges of this court, Birdsall v. City of Hartford, 249 F.Supp.2d 163, 171 (D.Conn. 2003) and Walsh v. Sousa, 2004 WL 717169 (D.Conn. 2004), persuasively demonstrate that he would be unable to do so.  A criminal case in which a nolle enters can be reopened.  It does not constitute an adjudication that the defendant is not guilty of the charged offense.  Further, a defendant can record his non-acquiescence in the nolle by moving for dismissal of the charges.

**CONCLUSION:**

For the foregoing reasons, plaintiff is found not to have proven the absence of probable cause and defendant has established his entitlement to qualified immunity with respect to the arrest of plaintiff. Accordingly, each of plaintiff's claims is dismissed and judgment shall enter in favor of defendant.

SO ORDERED. Dated at New Haven, Connecticut, this  22nd  day of August, 2005.

> /s/
> Peter C. Dorsey, U.S. District Judge
> United States District Court